## SCHULTE *v.* STATE, EX REL. KOETTER.

[No. 12,811. Filed November 2, 1927.]

BASTARDY.—*Instruction that jury might credit relatrix' testimony
that defendant was the father of her child held erroneous in
the specific case.*—In a bastardy proceeding, it was reversible
error to give an instruction that if the relatrix had given a
satisfactory reason for asserting that the defendant was the
one that produced her pregnancy, the jury would be justified
in giving credit to her testimony, where there was no evidence
of any circumstances by which the relatrix undertook, as be-
tween two or more persons claimed to have had intercourse
with her, to determine which was the father of her child.

From Franklin Circuit Court; *Cecil C. Tague*, Judge.

Bastardy proceeding on the relation of Loretta Koetter against Albert Schulte. From a judgment for relatrix, the defendant appeals. *Reversed.* By the court in banc.

*I. N. McCarty, George L. Tremain* and *Rollin A. Turner*, for appellant.

*Wycoff & Wycoff*, for appellee.

PER CURIAM.—The complaint in this case charged that on April 25, 1925, the relatrix, Loretta Koetter, was delivered of a bastard child, and that appellant Albert Schulte was the father of said child. There was a trial by jury resulting in a verdict finding that appellant was the father of said child. The court rendered a judgment on the verdict and adjudged that appellant pay to the relatrix, for the support and education of said child, the sum of $600. The court overruled a motion for a new trial, to which ruling of the court appellant excepted.

The error assigned is the overruling of the motion for a new trial, and the specific reasons set out in said motion are: (1) That the verdict is not sustained by sufficient evidence; (2) that the court erred in giving to the jury certain instructions.

All errors assigned as to the giving of said instructions have been waived, except as to instruction No. 15, which is as follows: "And you are further instructed in this case that if the relatrix Loretta Koetter has given a satisfactory reason for asserting that it was her connection with the defendant Albert Schulte which produced the conception, the jury may be justified in giving credit to her testimony because circumstances might well exist which would enable the female to determine which one of two or more connections, if there was more than one connection, at or about the time of

conception, was the one that produced pregnancy." This instruction is erroneous for the reason that there was absolutely no evidence of any circumstances by which the relatrix undertook, as between two or more persons claimed to have had intercourse with her, to determine which was the father of her child. The relatrix denied having had sexual intercourse with anyone other than appellant, but there is evidence to the contrary.

The giving of instruction No. 15 was reversible error, and the judgment is reversed, with instructions to sustain the motion for a new trial.